[No. 5446.]

## ALFRED W. SMITH *v.* JOHN W. PEARSON.

RELEASE OF ENDORSER OF NOTE. — Even if a parol agreement to pay an additional rate of interest on a promissory note is not a good consideration for a promise to extend the time for its payment, so as to release an endorser, yet if the holder, without the consent of the endorser, in fact receives an additional sum of money as such interest, which the maker was not bound to pay, as a consideration for a promise to extend the time of payment, the endorser is released.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The following is the note on which the suit was brought:

" $4,550.
[In U. S. Gold Coin.]          SAN FRANCISCO, February 7th, 1874.

" Six months after date, without grace, for value received, in United States gold coin, we promise to pay to the order of John W. Pearson, at the Anglo-California Bank, (limited) the sum of four thousand five hundred and fifty dollars, and interest thereon at the rate of one and one-quarter per centum per month until paid, both principal and interest payable in the like gold coin.                    HAIN & POLLARD."

The payee endorsed it and delivered it to the plaintiff. The defendant appealed. The other facts are stated in the opinion.

*D. M. Seaton,* for the Appellant.

A promise to extend the debt in consideration of the actual receipt of interest in advance, or of value in any other form, is binding on the creditor, and will discharge the surety. (2 Hare & Wall. Lead. Cases, 468, and cases cited; *Abel* v. *Alexander,* 15 Amer. Rep. 277.) If the plaintiff received the seventy dollars interest in advance, there was a valuable consideration for the extension, and the contract was binding on the plaintiff.

*G. F. & W. H. Sharp,* for the Respondent.

By the COURT:

The action is against the defendant as endorser of a promissory note, and the defense relied upon is that the plaintiff, for a valuable consideration, made an agreement with the makers of the note, without the consent of the endorser, for an extension of the time and a change in the mode of payment.

At the trial there was evidence tending to prove that, without the consent of the endorser, the plaintiff entered into a parol agreement with the makers of the note to the effect that in consid-

eration of the payment of an increased rate of interest for one month, in advance, the note should be paid in several installments, instead of being paid in accordance with the face of the note. The evidence also tended to show that the increased rate of interest was actually paid in accordance with the agreement. On this state of the evidence the Court instructed the jury "that the agreement to pay two per cent. a month additional not being in writing, such a contract could not be enforced in law; and therefore it was not good as a consideration for the new promise to extend the time for payment of the note. There being no consideration for the extension of time, the defense set up here fails, and you will simply bring in a verdict for the plaintiff."

While it is true that a parol promise to pay the additional interest could not have been enforced under our statute, yet if the plaintiff, without the consent of the defendant, in fact received from the makers of the note an additional sum of money, which they were not otherwise bound to pay, as a consideration for his promise to extend the time of payment, no reason is perceived why the contract for an extension, when executed by the makers of the note, was not binding and obligatory as between the parties to the agreement. The fact that it was termed additional interest does not vary the transaction, as the fact remains that the plaintiff has received a sum of money as a consideration for the extension of the time of payment.

The Court erred in directing a verdict for the plaintiff.

Judgment and order reversed, and cause remanded for a new trial.